**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAMON COLTER ROBERTSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-CV-00337-NCC |
| | ) | |
| **LELAND DUDEK,**[1] | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Damon Colter Robertson ("Plaintiff") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and 42 U.S.C. §§ 1381, *et seq*. Plaintiff has filed a brief in support of the Complaint (Doc. 9), Defendant has filed a brief in support of the Commissioner's decision (Doc. 10), and Plaintiff has filed a reply brief (Doc. 11). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 5).

**I. PROCEDURAL HISTORY**

Plaintiff protectively filed his applications for DIB and SSI on May 10, 2021 (Tr. 93). Plaintiff was initially denied on October 6, 2021, and upon reconsideration on December 23,

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 17, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted, therefore, for Martin O'Malley as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

2021 (Tr. 93-148, 160-67).  He filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 169-171).  After a hearing, by decision dated March 16, 2023, the ALJ found Plaintiff not disabled (Tr. 14-34).  On January 8, 2024, the Appeals Council denied Plaintiff's request for review (Tr. 1-6).  As such, the ALJ's decision stands as the final decision of the Commissioner.

## II.  DECISION OF THE ALJ

The ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2026, and that Plaintiff has not engaged in substantial gainful activity since March 15, 2021, the alleged onset date (Tr. 19).  The ALJ found Plaintiff has the severe impairments of paroxysmal atrial fibrillation, cervical degenerative disc disease, closed displaced fracture of the first cervical vertebra, partial-thickness articular sided tear of the right rotator cuff, obesity, attention deficit/hyperactivity disorder, and adjustment disorder, but that no impairment or combination of impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 20).  After careful consideration of the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: he can lift up to 10 pounds occasionally; he can stand/walk for about 2 hours and sit for up to 6 hours in an 8-hour workday with normal breaks; he can never climb ladders, ropes, or scaffolds; he can frequently stoop but only occasionally crawl; he can occasionally reach overhead using the right upper extremity; he should avoid concentrated exposure to excessive vibration and moderate exposure to operational control of moving machinery; he should avoid unprotected heights and exposure to hazardous machinery; and he is limited to simple and routine tasks (Tr. 23).  The ALJ found that Plaintiff was 35 years old on the alleged onset date;

2

Plaintiff has at least a high school education; and transferability of job skills is not material because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled" whether or not he has transferable job skills (Tr. 27-28).  The ALJ found that Plaintiff is unable to perform any past relevant work, but that there are jobs that exist in significant numbers in the national economy that he can perform, including hand packer, production worker, and inspector tester sorter (Tr. 28).  Thus, the ALJ concluded that Plaintiff has not been under a disability from March 15, 2021, through the date of the decision, March 16, 2023 (Tr. 29).

### III.  LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled.  20 C.F.R. §§ 416.920, 404.1529.  "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled."  *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)).  In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits.  20 C.F.R. §§ 416.920(b), 404.1520(b).  Second, the claimant must have a severe impairment.  20 C.F.R. §§ 416.920(c), 404.1520(c).  The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ."  *Id*.  "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'"  *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

3

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id*.

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3.

If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *see also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v.*

4

*Heckler*, 733 F.2d 65, 68 (8th Cir. 1984).  "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion.  *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)).  Weighing the evidence is a function of the ALJ, who is the fact-finder.  *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004).  Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently.  *Krogmeier*, 294 F.3d at 1022.

## IV.  DISCUSSION

In his appeal of the Commissioner's decision, Plaintiff argues that the ALJ committed reversible error by failing to explain why certain limitations from medical opinions deemed persuasive were omitted from the RFC (Doc. 9).[2]  The ALJ found the opinion of Dr. Thomas Spencer, Psy.D., persuasive, and that opinion included a moderate limitation in Plaintiff's ability to consistently stay on task, which was omitted from the RFC (Tr. 25-26).  Plaintiff argues the ALJ's failure to explain the omission was reversible error (Doc. 9 at 5-8).  Plaintiff makes the same argument as to the limitation that Plaintiff could understand, remember, and carry out two-step commands involving simple instructions from the opinions of Dr. James Morgan, Ph.D., and

---

[2] The parties' briefing is commendable.

5

Dr. Charles Watson, Psy.D. (Doc. 9 at 8-11).  The Commissioner responds that substantial evidence supports the ALJ's decision and that the ALJ was not required to adopt every limitation contained in the opinions he found persuasive (Doc. 10).  The Court agrees that the ALJ's failure to explain his omission of Dr. Spencer's moderate limitation in Plaintiff's ability to consistently stay on task was reversible error.

The RFC is the most a claimant can still do in a work setting despite the claimant's physical or mental limitations.  20 C.F.R. § 404.1545(a)(1); *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011).  An ALJ determines a claimant's RFC based on all the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own description of her limitations.  *Page*, 484 F.3d at 1043; *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question.  *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2000); *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000); *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001).  Because it is a medical question, an ALJ's RFC assessment must be supported by some medical evidence of the claimant's ability to function in the workplace.  *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016); *Cox*, 495 F.3d at 619.  An ALJ may not draw upon his or her own inferences from medical reports.  *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000).

For claims like Plaintiff's, filed after March 27, 2017, an ALJ evaluates medical opinions pursuant to 20 C.F.R. § 404.1520c.  These new rules provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources."  20 C.F.R. § 404.1520c(a).  Rather, an ALJ is to evaluate the

6

persuasiveness of any opinion or prior administrative medical finding by considering the: (1) supportability of the opinion with relevant objective medical evidence and supporting explanations; (2) consistency with the evidence from other medical sources and nonmedical sources in the claim; (3) relationship with the plaintiff, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination; (4) specialization; and (5) other relevant factors.  20 C.F.R. § 404.1520c(c).

In evaluating the persuasiveness of a medical opinion, the factors of supportability and consistency are the most important for an ALJ to consider, and the ALJ must "explain how [she] considered the supportability and consistency factors … in [the] determination or decision."  20 C.F.R. § 404.1520c(b)(2).  An ALJ's failure to address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion requires reversal.  *Bonnett v. Kijakazi*, 859 Fed. Appx. 19, 20 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error)).  ALJs need not explain in their decision how they considered the other factors.  20 C.F.R. § 404.1520c(b)(2).

Defendant argues that the ALJ was not required to adopt every limitation contained in the opinions he found persuasive.  However, Plaintiff is not arguing that the ALJ should have adopted every limitation; rather, Plaintiff is arguing that once a medical opinion is found to be persuasive, an ALJ must *explain any inconsistencies* between the limitations found in that opinion and the ultimate RFC.  Plaintiff's argument aligns with the Eighth Circuit's position on this issue:

> The Court acknowledges that there is no requirement that an ALJ accept all limitations proposed by a source, even when the ALJ finds the opinion

7

> persuasive or gives it significant weight. *See Wolynski v. Kijakazi*, No. 4:21-CV-1158 SRW, 2022 WL 1521619, at *8 (E.D. Mo. May 13, 2022); *Owens v. Saul*, 2020 WL 2319880, at *4 (W.D. Mo. May 11, 2020). The Court also recognizes that "an ALJ is not required to discuss every piece of evidence submitted." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). However, the ALJ is not entitled to "pick and choose only evidence in the record buttressing his [or her] conclusion." *Nelson v. Saul*, 413 F. Supp. 3d 886, 916 (E.D. Mo. 2019) (internal quotation marks omitted). *See also Taylor ex rel. McKinnies v. Barnhart*, 333 F.Supp.2d 846, 856 (E.D. Mo. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability.") (quoting *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004)). The Eighth Circuit has also recognized that in some cases, the ALJ's failure to address specific evidence renders this Court "unable to determine whether any such rejection is based on substantial evidence." *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995). Moreover, Social Security Ruling 96-8p requires that in assessing the RFC, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Soc. Sec. Admin., Policy Interpretation Ruling Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.*

*Bedore v. Kijakazi*, No. 4:22-CV-567-SPM, 2023 WL 6064854, at *4-5 (E.D. Mo. Sept. 18, 2023). The *Bedore* court provided an extensive sampling of cases in which courts have required remand in situations similar to the case at bar:

> Consistent with the above principles, courts have frequently found remand required where an ALJ finds a medical opinion persuasive, yet declines to include some of the limitations found in that opinion in that RFC and does not explain why. *See, e.g., Gann v. Berryhill*, 864 F.3d 947, 952 (8th Cir. 2017) (remanding where the ALJ gave "significant weight" to two medical opinions yet failed to include limitations from those opinions in the RFC or in the hypothetical question posed to the VE); *Wolynski v. Kijakazi*, No. 4:21-CV-1158 SRW, 2022 WL 1521619, at *9 (E.D. Mo. May 13, 2022) (finding error and remanding where the ALJ found the opinion of the non-examining state agency medical consultant "persuasive," yet omitted from the RFC the opined limitation of one- or two-step tasks and instructions, without explaining why); *Batson v. Kijakazi*, No. 20-03251-CV-S-WBG, 2022 WL 501405, at *4 (W.D. Mo. Feb. 18, 2022) ("Because the ALJ found Dr. Allen's opinions to be persuasive, supported by objective evidence, and consistent with the record, the ALJ should have included all limitations set forth by Dr. Allen. Alternatively, if the ALJ chose not to include any of Dr. Allen's limitations, the ALJ should have explained why any excluded limitation was not adopted. Here, the ALJ failed to do either. Thus, the RFC is not

8

>
> supported by substantial evidence."); *Berry v. Kijakazi*, No. 4:20-CV-890 RLW, 2021 WL 4459699, at *9 (E.D. Mo. Sept. 29, 2021) (finding error and remanding where the ALJ omitted from the RFC, without discussion, a limitation to two-step commands that was included in a non-examining psychological consultant's opinion; stating, "Because the ALJ did not provide a reason for rejecting [the psychological consultant's] opinion on the two-step command limitation—while including [the psychological consultant's] other opined limitations in the RFC—the Court would be required to determine in the first instance whether there was substantial evidence to support the ALJ's decision to reject that limitation. It is not within the Court's purview to speculate why the ALJ may have rejected certain evidence."); *Masden v. Saul*, No. 4:20-CV-00267-MDH, 2021 WL 3172934, at *2 (W.D. Mo. July 27, 2021) (noting that under SSR 96-8p, "If the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted"; finding remand require where "[t]he ALJ did not explain why, having found Dr. Sullivan's opinions 'persuasive,' she did not include [some of the] limitations [from the opinions] in the RFC").

*Bedore*, 2023 WL 6064854, at *5; *see also Carey v. O'Malley*, No. 4:23-CV-00860-NCC, 2024 WL 4238691 (E.D. Mo. Sept. 19, 2024).

Here, as in the above cases, the ALJ failed to explain his omission of Dr. Spencer's moderate limitation in Plaintiff's ability to consistently stay on task:

> In connection with this application, the claimant was referred to Thomas Spencer, Psy.D., for a consultative examination to determine what affect the claimant's mental impairments have on his functioning. (Exhibit 2F) During interview, the claimant indicated that he smokes marijuana throughout the day and drinks a six-pack daily and habitually. (Exhibit 2F, p2) Upon mental status examination, where the claimant presented as fidgety, although cooperative. (Exhibit 2F, p2) In connection with further consideration of this application, the claimant was again referred to Thomas Spencer, Psy.D., for additional consultative examination to determine further effect of the claimant's mental impairments on his functioning. (Exhibit 12F) The claimant continued to show restlessness during the interview, where he was able to generally perform with low average intelligence on a slow basis. (Exhibit 12F, p3) The claimant showed a general ability to perform simple tasks albeit somewhat slow, where due to this it was opined the claimant demonstrated moderate impairment in his ability to learn earn, recall, and use information and to consistently stay on task. (Exhibit 2F, p2-3) In addition, it was opined the claimant demonstrated mild impairment in his ability to relate to and work with others on a consistent basis. (Exhibit 2F, p3; 12F, p4) The undersigned finds these opinions are persuasive as they are consistent with the record and supported by the examinations performed. The claimant endorsed issues with concentration and comprehension that affects his ability to perform more detailed tasks. The claimant was able to perform tasks during the

9

> examinations with some mistakes at a slower pace, which indicated that less detailed tasks are reasonable. (Exhibit 12F) However, other mental status exams have shown generally intact memory and concentration, along with his hobbies and abilities to perform basic work tasks as described during his function report supports his ability to perform simple tasks. (Exhibit 5E, 3F).

(Tr. 25-26). The ALJ specifically notes that Dr. Spencer opined Plaintiff demonstrated moderate impairment in his ability to consistently stay on task and then goes on to find Dr. Spencer's opinions persuasive. The ALJ does not address why that limitation was omitted from the RFC. He offers that the mental status exams from Plaintiff's visits to his family medicine doctor and the hobbies and work tasks described in Plaintiff's function report "support[] his ability to perform simple tasks." Those comments speak to the inclusion of a limitation to simple, routine tasks in the RFC, not to the omission of a limitation related to concentration and staying on task.[3]

The Court "cannot speculate 'whether or why an ALJ rejected certain evidence.'" *Bedore*, 2023 WL 6064854, at *5 (quoting *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995)). As a result, "remand is necessary to fill this void in the record." *Lutz v. Kijakazi*, No. 4:20-CV-1140-SPM, 2022 WL 782300, at *5 (E.D. Mo. Mar. 3, 2022) (quoting *Jones*, 65 F.3d at 104). Otherwise, "the Court would be required to determine in the first instance whether there was substantial evidence to support the ALJ's decision to reject that limitation. It is not within the Court's purview to speculate why the ALJ may have rejected certain evidence." *Berry v. Kijakazi*, No. 4:20-CV-890 RLW, 2021 WL 4459699, at *8 (E.D. Mo. Sept. 29, 2021) (citing *Jones*, 65 F.3d at 104). The record before the Court is inadequate to permit meaningful review as to whether the decision to omit the limitation from the RFC was supported by substantial

---

[3] The Court further notes that the mental status exams from Plaintiff's visits to his family medicine doctor do not rebut a limitation related to concentration and staying on task. The neuropsychiatric portion of the doctor's exam only evaluates orientation, mood, and affect, which appear to have been marked as normal pro forma. *See* Tr. 393-488.

10

evidence.  *See Kenneth J.V. v. Kijakazi*, No. 22-cv-373 (KMM/DJF), 2023 WL 2394397, at *9 (D. Minn. Jan. 27, 2023).

The Court also agrees with Plaintiff that the ALJ's error does not appear harmless.  A remand is not necessary "if the ALJ's failure to explain the rationale for his omission of an explicit limitation [] would have no impact on the outcome of the case."  *Kenneth*, 2023 WL 2394397, at *9.  Here, a vocational expert testified that being off-task 10% or more of the workday would result in termination after a month or more (Tr. 87).  As such, if the ALJ had included a moderate impairment in Plaintiff's ability to consistently stay on task in the RFC, the outcome might have been different.  *See Titus v. O'Malley*, No. 4:23-CV-00129-JSD, 2024 WL 620364, at *4 (E.D. Mo. Feb. 14, 2024) (finding harm and reversing in case involving nearly identical limitation and vocational expert testimony).

On remand the ALJ should consider all the functional limitations in Dr. Spencer's opinion and should either incorporate those limitations into the RFC or explain why an excluded limitation was not adopted.  *See Bedore*, 2023 WL 6064854, at *6.  The ALJ should do the same for the opinions of Dr. Morgan and Dr. Watson.

## V.  CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 13th day of March, 2025.

                                                  /s/ Noelle C. Collins
                                                 NOELLE C. COLLINS
                                                 UNITED STATES MAGISTRATE JUDGE